UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHERYL B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:17-cv-00035-SEB-TAB |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner for Operations of | ) |
| the Social Security Administration[2] | ) |
| | |
| Defendant. | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Cheryl B. ("Cheryl") appeals the final decision of the Deputy Commissioner for Operations ("Deputy Commissioner") of the Social Security Administration ("SSA") denying her November 6, 2012, application for disability insurance benefits ("DIB"). R. (Dkt. No. 7) at 55. The application was initially denied on February 6, 2013, R. at 134, and upon reconsideration on April 29, 2013, R. at 145. The

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] On March 6, 2018, the President was notified that, effective November 17, 2017, Nancy A. Berryhill could no longer serve as the Acting Commissioner of the Social Security Administration pursuant to the Federal Vacancies Reform Act of 1998. Government Accountability Office, https://www.gao.gov/products/D18772#mt=e-report (last visited Sept. 27, 2018). The case caption has been updated to reflect the Deputy Commissioner's current title.

1

administrative law judge ("ALJ") conducted a hearing on July 20, 2015, R. at 7-44, resulting in a decision on August 31, 2015, that Cheryl was not disabled and thus not entitled to receive DIB. R. at 55-71. The Appeals Council denied review on December 19, 2016, and the Deputy Commissioner's decision became final. R. at 6. On February 22, 2017, Cheryl timely filed this civil action seeking judicial review of the decision pursuant to 42 U.S.C. § 405(g). Dkt. No. 1.

Following completion of briefing by the parties, the Court referred this matter to Magistrate Judge Baker, who submitted his Report and Recommendation on March 15, 2018, recommending that the decision of the Deputy Commissioner be affirmed, Dkt. No. 22 ("R&R"). The cause is now before the Court on Cheryl's timely filed Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 23 ("Pl.'s Obj."), to which the Deputy Commissioner has responded (Dkt. No. 24 (Def.'s Resp.")); 28 U.S.C § 636(b)(1)(B).

This appeal involves the fourth step of the sequential evaluation process, which addresses whether a claimant is capable of performing past relevant work on a regular and continuing basis despite any impairment-related limitations, which is determined through an RFC assessment. 20 C.F.R. § 1545. For the reasons explained in this Order, we overrule the objections and adopt the conclusions of the Magistrate Judge.

## Background and Procedural History[3]

After conducting a hearing, at which Cheryl was represented by counsel, the ALJ followed the five-step sequential evaluation set forth by the SSA, *see* 20 C.F.R. § 404.1520(a)(4)(i) to (v), concluding at step four that Cheryl is not disabled. Specifically, the ALJ found as follows:

- At Step One, Cheryl had not engaged in substantial gainful activity since October 5, 2011, the alleged disability onset date. R. at 56.

- At Step Two, she suffered from the following severe impairments: chemotherapy-induced neuropathy, migraines, vasculitis, deep thrombosis, depression, and anxiety. R. at 57.

- At Step Three, Cheryl did not have an impairment of combination of impairments that met or medically equaled the severity of one of the listed impairments. R. at 58-60.

- After Step Three but before Step Four, Cheryl had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except she must be afforded the opportunity to alternate between a standing and seated position at will without being off-task for more than 15% of the workday. She can only occasionally climb ladders, ropes, scaffolds, ramps and stairs, can only occasionally balance, stoop, kneel, crouch, and crawl, and can only [in]frequently engage in fingering, handling, and feeling activities. She must further avoid concentrated exposure to extreme heat, cold, and vibrations, must avoid concentrated exposure to fumes, dusts, gases, other pulmonary irritants, and poorly ventilated areas, and must avoid all exposure to unprotected heights, the operation of motorized vehicles, and moving mechanical parts. [She] cannot engage in outdoor work, and must avoid concentrated exposure to bright lights. Moreover, she is limited to work requiring no more than detailed, but not complex, instructions in an environment free from fast-paced production requirements." R. at 61.

---

[3] The facts and relevant evidence of record are sufficiently set forth in the ALJ's decision as well as the Magistrate Judge's Report and Recommendation and need not be repeated here. We recount the facts below only as necessary to address Cheryl's objections to the Report and Recommendation.

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering Cheryl's RFC, she was capable of performing her previous employment as a graphic coordinator. R. at 62.

In her appeal to the Court, Cheryl took issue with three aspects of the Deputy Commissioner's final decision, arguing that the ALJ: (1) failed to address certain conflicts on the record before him; (2) failed to accord any medical source great or controlling weight in general and failed to accord controlling weight to her treating physicians in particular; and (3) failed to adequately address her impairments alongside the ALJ's findings of psychological restrictions in rendering the RFC. Dkt. Nos. 1, 12, 21.

The Magistrate Judge concluded that none of the errors identified by Cheryl warranted remand, noting that many of Cheryl's fact-centered points asserting that the ALJ failed to consider certain evidence on the record before him were undermined by the record itself, which plainly shows that the ALJ actually considered the evidence. Dkt. No. 22. Thus, the Magistrate Judge recommended that the Deputy Commissioner's decision be upheld.

**Standard of Review**

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it."

*Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). After a Magistrate Judge makes a Report and Recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

> Upon review of the Deputy Commissioner's decision,
>
> [w]e will uphold [it] if it applies the correct legal standard and is supported by substantial evidence. *Castile v. Astrue,* 617 F.3d 923, 926 (7th Cir. 2010). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded. *Villano v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009). Our review is limited to the reasons articulated by the ALJ in her decision. *Larson v. Astrue,* 615 F.3d 744, 749 (7th Cir. 2010).

*Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). In determining whether the decision was properly supported, we neither reweigh the evidence nor assess the credibility of witness, nor substitute our judgment for the Deputy Commissioner's. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

## **Analysis**

Cheryl objects to all but one of the conclusions set forth in the Magistrate Judge's Report and Recommendation. In her Response, the Deputy Commissioner urges us to

overrule Cheryl's objections and adopt and affirm the Report and Recommendation. Cheryl's arguments and the Commissioner's counterarguments are addressed in turn.

**The conflict between the DOT and the VE's testimony regarding Cheryl's absence from work, and time off tasks**

The thorough review of the hearing transcript by the Magistrate Judge revealed that the record contains conflicts between the Dictionary of Occupational Titles ("DOT") and the testimony of the VE on the issues of absenteeism and "time off task." In his Report and Recommendation, the Magistrate Judge noted that "[c]ontrary to the Commissioner's assertion, there is a conflict under SSR00-4p when the VE testifies to something that is not included in the DOT."[4] R&R at 3. The Magistrate Judge explained that whether a conflict is "apparent" or "latent" determines the way in which an ALJ should deal with such a conflict:

> "[T]he ALJ has an 'affirmative responsibility' to ask if the VE's testimony conflicts with the *DOT*, and if there is an 'apparent conflict,' the ALJ must obtain a reasonable explanation." *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (quoting SSR 00-4p, 2000 WL 1898704). On the other hand, when the conflict arises because the topic is not in the DOT, this conflict is latent rather than apparent, so "ALJs needn't resolve it at the hearing if no one notices it." *Teskey v. Astrue*, 1:10-CV-00758-JMS, 2011 WL 1636924, at *8 (S.D. Ind. Apr. 29, 2011). If the ALJ acknowledges an otherwise latent conflict, the conflict is then apparent, and the conflict must be resolved. *Garcia v. Astrue*, 1:11-CV-00165, 2012 WL 3137890, at *13 (N.D. Ind. Aug. 1, 2012).

---

[4] In her response the Deputy Commissioner noted that she "does not fully endorse" every point made in the Report and Recommendation regarding the discrepancy between the VE's testimony and the DOT. Def.'s Resp. at 2. Specifically, the Deputy Commissioner maintains that "silence of the DOT on a subject does not create a conflict with VE testimony about that same subject." *Id.* at 2, 5. We make note of the Commissioner's position, as requested. *Id.* at 12. Nevertheless, the Deputy Commissioner agreed with the outcome reached by the Magistrate Judge's in the Report and Recommendation.

6

R&R at 4.

Cheryl asserts that the ALJ did not properly evaluate the conflict between the VE's testimony and the *Dictionary of Occupational Titles* (DOT) on the issues of absenteeism and time off task.[5] After careful review, we overrule Cheryl's objections to the Magistrate Judge's recommendations in this regard.

Cheryl has identified no error in the Magistrate Judge's finding that the conflict between the VE's testimony and the DOT was "latent" rather than "apparent," because, as the Magistrate Judge observed, neither the ALJ nor the VE nor Cheryl's counsel noticed the conflict, and Cheryl's counsel neither objected to the VE's testimony nor questioned him on the issue when he had the opportunity to do so. *Id*. In this situation, an ALJ is permitted to rely on the VE's testimony. R&R at 5 (citing *Zblewski v. Astrue*, 302. F. App'x 488, 494 (7th Cir. 2008)).

Contrary to Cheryl's arguments, the fact that certain matters are not discussed in the DOT fails to create an apparent conflict under controlling Seventh Circuit precedent, including *Zblewski*, 302. F. App'x at 494 and *Stark v. Astrue*, 278 F. App'x 661, 666-67 (7th Cir. 2008). Cheryl's reliance on a decision reached by this Court on different facts

---

[5] Cheryl does not challenge the Magistrate Judge's conclusion that the ALJ properly acknowledged and resolved the apparent conflict between the DOT and the VE's testimony on the sit/stand issue. On this issue, however, the Deputy Commissioner takes the position that silence of the DOT on a certain subject does not create a conflict with VE testimony on the same issue. Because there was no apparent conflict with regard to the sit-stand option testimony, the ALJ was not required to resolve the issue and the Magistrate Judge did not have to reach it. Nevertheless, the Commissioner maintains that the Magistrate Judge reached the correct result in his Report and Recommendation.

7

does not persuade us otherwise. Pl.'s Obj. at 4-5 (citing *Spriggs v. Colvin*, No. 115-cv-1117, 2016 WL 7440809 at *4 (S.D. Ind. Dec. 27, 2016)).

Moreover, Cheryl does not point to any apparent conflicts "obvious enough that the ALJ should have picked up on them without any assistance" (*i.e.* without any objection from plaintiff to the testimony at the hearing). *See Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009). An ALJ can rely even on "imperfect VE testimony if a claimant does not question the basis for the testimony at the time of the hearing." *Overman*, 546 F. 3d at 465; *see also Nicholson v. Astrue*, 341 F. App'x 248, 254 (7th Cir. 2009). Accordingly, the Magistrate Judge correctly found that there was no apparent conflict between the DOT and the VE's testimony requiring any action other than that taken by the ALJ during the hearing.

**Weighing of Medical Opinions**

After examining the record, the Magistrate Judge rejected Cheryl's arguments that the ALJ erred in assigning great or controlling weight to certain medical sources as opposed to those of her treating physicians and that he substituted his own lay opinion for those of these doctors. Cheryl renews these arguments before us. Pl.'s Obj. at 7-12, but we again find that she has demonstrated no error in the Magistrate Judge's analysis.

As the Magistrate Judge explained, contrary to Cheryl's apparent misunderstanding, an ALJ is not required to select and assign controlling weight to certain sources, and the ALJ--not a medical source--determines a claimant's RFC. R&R at 6 (citing *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). Further, while an ALJ must consider the entire record, he may discredit the findings of medical sources if they

8

are based on a claimant's subjective pain as opposed to objective testing. R&R at 8 (citing *Ghiselli v. Colvin*, 496 F.3d 833, 845 (7th Cir. 2016)). That appears to be what happened here; contrary to Cheryl's arguments, the ALJ provided valid reasons for casting doubt on the reliability of opinions of Doctors Flora, Krishnan, and Dragran, analyzing the medical opinions of these doctors and others alongside the record evidence, including Cheryl's testimony. R&R at 7-12. Cheryl's arguments (Pl.'s Obj. at 9-12) appear to be based only on a faulty assumption and on an inaccurate summary of the ALJ's bases for rejecting the opinions of physicians on whose testimony she relied.

Because it was not raised before the Magistrate Judge, we need not consider Cheryl's argument that her daily activity-based testimony rebuts the ALJ's reliance on Dr. Flora's medical opinion. *See, e.g., Starbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004) (discussing waiver). Cheryl's arguments misapprehend the duty of the ALJ to make a holistic assessment of the evidence. She also inaccurately summarizes the basis for the ALJ's decision. R. at 68.

**The ALJ's discussion of Cheryl's back pain**

Noting that Cheryl sought to present argument and evidence regarding the RFC determination and her non-neuropathic back pain for the first time in her reply brief, he deemed the issue waived. R&R at 13. Cheryl's insistence that these arguments should nevertheless be considered (Pl.'s Obj. at 12-13) are without merit because the Magistrate Judge did not err in declining to address the issue. *Starbek*, 390 F.3d at 505 (holding that an argument is waived under these same circumstances). In any event, Cheryl does not now point to any evidence showing why her back pain would warrant any changes to the

RFC determination, given that the ALJ already considered this symptom in conjunction with his discussion of her neuropathy. R. at 64. Thus, Cheryl has demonstrated no error in this aspect of the Report and Recommendation.

**Effect of Migraines on Absenteeism**

The Magistrate Judge noted that, by failing to include her argument regarding the alleged connection between her migraines and her work absences in her argument, she abandoned that issue. R&R at 15. Cheryl now argues, without citing to any authority, that her failure to discuss the issue did not amount to abandonment or otherwise negate the argument. Pl.'s Obj. at 13-14. Because the principle of abandonment under these circumstances is well settled (*Keck Garret & Assoc., Inc. v. Nextel Comm., Inc,* 517 F.3d 476, 487 (7th Cir. 2008); *U.S. v. Farris,* 532 F.3d 615, 619 (7th Cir. 2008)), and the Magistrate Judge applied that principle, we find no error in his recommendation.

**RFC and Mild Limited Daily Activities and Social Functioning**

In his Report and Recommendation, the Magistrate Judge read the ALJ's decision "as a whole and commonsensically" in concluding that the ALJ's discussion of Cheryl's mild psychological limitation was substantively sufficient. R&R at 17; R. at 59-60. Further, because the ALJ had found in any earlier portion of his decision that Cheryl's mild restrictions do not have an appreciable impact on her ability to function, the ALJ's failure to specifically address these limitations in his RFC analysis was unnecessary. *Id*. Cheryl now argues that the ALJ's failure to address her limitations was a critical deficiency in the ALJ's decision. We disagree. While an ALJ certainly must consider whether and how a professed limitation would affect an RFC determination, but once that

connection is established it will stand. *Sawyer v. Colvin,* 512 F.App'x 603, 611 (7th Cir. 2013) ("a mild… limitation in an area of mental functioning does not prevent an individual from functioning satisfactorily."). The Deputy Commissioner has aptly characterized Cheryl's argument as based on speculation and lacking any evidentiary basis in the record, especially any medical evidence (Def.'s Resp. at 12), and the Magistrate Judge concurred in this assessment. R&R at 16-18.

## **Conclusion**

For the foregoing reasons, we **OVERRULE** Cheryl's objections, **ADOPT** the Magistrate Judge's recommended disposition and **AFFIRM** the decision of the Deputy Commissioner.

IT IS SO ORDERED.

Date: _____9/30/2018_____         _____
                                                                    SARAH EVANS BARKER, JUDGE
                                                                    United States District Court
                                                                    Southern District of Indiana

Distribution:

Jennifer M. Hess
Petit & Hess
Jen.hess@hhlegal.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov